Good morning, Your Honors. May it please the Court. Keith Hilzendegger for the appellant, Juvenile JDT. I'm going to try and watch the clock and say about four minutes for rebuttal, but I know there's a lot of really important issues here. So with that said, I'd like to talk about three of the issues that are presented for this Court this morning. The jurisdiction issue, the vagueness issue, and then very briefly, the abuse of discretion and sentencing issue. The district court lacked jurisdiction in this case for three reasons. First of all, the crimes charged in the superseding information are not crimes of violence. The government failed to perform the requisite investigation before it certified that no state court has jurisdiction in this case. And assuming it's proper to reach this contention, the government did not show that there's exclusive jurisdiction over Federal – over Fort Huachuca, and specifically over the place on Fort Huachuca where the alleged delinquent acts occurred. Am I correct that if we reach the issue of substantial risk of physical force that we don't need to hit all the other issues? That is, if we decide that issue not in your favor. That's correct, Your Honor. If this Court concludes that the crimes charged are crimes of violence, it doesn't need to reach the issues about proper state court jurisdiction or exclusive jurisdiction over – over Fort Huachuca. And because I think that that's the proper sequence of analysis, I'd like to start with the other. Good. Can I ask you this question? Yes. For charges involving contact between penis and anus and penis and mouth, proof of penetration no matter how slight is required under those statutes, correct? Under Section 2241C and 2246-2a, yes. Correct. And then under those two sections that you've just cited, there always is a requirement for penetration, correct? Yes, Your Honor. And isn't that sufficient to invoke a substantial risk of physical force in every case? Not under the – no, I disagree, Your Honor. No. Then explain the answer, no. Well, let me start with the analysis that this Court employed in a case called Valencia v. Gonzalez. Well, tell me briefly what you – why no. So categorically, Valencia v. Gonzalez says that the Court has to consider the full range of conduct and evaluate whether or not two participants in the alleged sexual act who are as close in age as possible would, in the course of committing the sexual act charged, present a substantial risk of the use of force, even in cases where there is actual consent to the sexual act. And if you're talking about someone who's 12 years and a day and someone who's 11 years and 364 days old consensually engaging in a sexual act as described in Section 2246, I think the answer is no. It's the substantial – it's the substantial risk that's the focus, right? That's correct, Your Honor. And do we need to get into the facts of each particular case, if that's the charge, to determine whether there was a substantial risk? No, Your Honor. Under Descamps, the – considering the facts, as Judge Berzon has happily explained is a no-no. Is a no-no. So you have to just consider categorically the full range of conduct. So when I consider – Here we have – we have two children or many children under 12. So – and if you looked at the full range, as far as the government seems to be interpreting it, you could have a 6-year-old and a 5-year-old. Yeah. You had actually had a 10-year-old and a 6-year-old or something like that. That's – those are the facts of this case. So what you're saying is that – but the problem with your argument, I mean, what's somewhat disturbing about it, is that it would also apply if you had a 25-year-old and a 6-year-old. It would invalidate the whole statute. Only as applied to the definition of the crime of violence that applies here. Right. As the government has pointed out, there are many other cases where the definition of crime of violence is different. For instance, you know, this Court's case in Asbury, I think it was, where when the – when the focus of the crime of violence definition rests on the risk of injury, the 25-year-old and the 6-year-old, there's an obvious risk of injury there. But because this definition requires that the Court focus on the risk of injury. But you would still do it the same way that you're suggesting. So you wouldn't look at the 25-year-old and the 6-year-old. You'd look at the 6-year-old and the 5-year-old. Yes. But you would say there'd still be a – if the question was risk of injury, maybe, but not if the question is use of – substantial use of force. What is the exact phrase? Substantial risk that force will be used in the commission of defense. Okay. Right. That's not maybe exact, but I think it's a useful term. Substantial risk of physical force. That's correct, Your Honor. Which – and force meaning, under the Supreme Court law and our law, something with some violence behind it, not just a touch-in. Yes, some amount of force, I agree, that requires some violent activity. Penetration would be? I can see that, Your Honor. That penetration, even slight penetration, would, if the act were not consensual, probably entail in the vast majority of cases a substantial risk of violent force. But because the full range of conduct in this – here includes consensual activity between – Presumably, you would also concede, or maybe you would, that if you had a 25-year-old and a 6-year-old and penetration, you would meet the standard in terms of force. If we were considering particular factual scenarios, yes. But you couldn't have consent anyway. Yes, Your Honor. If there's no more questions about the crime of violence aspect, I would like to move on next to the certification claim. Well, I have an issue with that, which is this. They did certify that the State court, in the words of the statutory requirement, lacked jurisdiction or didn't have – hadn't accepted jurisdiction, something to that effect. The exact words, if I may, Your Honor, were that the juvenile court or the State does not have jurisdiction over this juvenile in these acts of delinquency. Right. And the gloss on that, that our court has adopted, which is that that includes a situation in which they have been asked whether to – they want to prosecute and said no, essentially. That didn't happen in this case. Well, whether it did or not, it's a gloss on that same language. So by attesting that that condition was met, aren't they attesting that that did happen, even if it didn't happen? No, Your Honor. I think that simply attesting that no State court has jurisdiction without, as happened in the 2010 decision in the juvenile mail case, without also demonstrating the district court that the – that the – Well, that's what I'm asking you. Why, if you have an unobjected-to certification whose words, by virtue of our case law, include that circumstance, why isn't that good enough? Because, you know, sort of going back to first principles, there's a presumption against Federal jurisdiction. And the party here, the government, the party that invokes jurisdiction has to expressly demonstrate to the district court that jurisdiction is proper. And here's the problem. But why doesn't it do that by certifying in the words of the statute when the words of the statute are said to include this particular circumstance? Because the district court has no way of knowing, based on the presumption against jurisdiction. And nobody asked them. I mean, they certified something that was sufficient. Nobody objected. So why isn't that sufficient? Because I – I think you should go on to the next thing. Okay. I guess the next point is that, you know, the government also had to demonstrate somehow that there was exclusive Federal jurisdiction over it. Well, they didn't have to. That was an alternative, right? Yeah. It could have relied entirely on the certification, which – Right. Which, assuming that was valid, then there's no reason to reach the exclusive jurisdiction question. Okay. Well, counsel, you used the term presumption a moment ago. I did. Under the statute, when the government here, the government attorney, certified certain facts, he was attesting that these facts were true. And there is a presumption, isn't there, that when someone like a U.S. attorney makes a statement that it is factual and true, we have to presume that, you know, it's a rebuttable presumption. In this case, the U.S. attorney attested to certain facts, and there was no objection to that attestation. Glad I'm not the only one. The attestation here was simply, Your Honor, that no State court had jurisdiction. That's true. The attestation was not, I contacted or somebody in my office contacted the Cochise County attorney, and I learned that they had declined prosecution. Are you saying that in addition to the certification, there has to be an affidavit or a declaration setting forth all the facts that occur? Yes, Your Honor. Where does that appear in the case? In Section 5032, the Congress expressly required the government, after performing an investigation, to certify one of three things. And that requirement bolsters the – bolsters Congress's belief that juvenile cases, as a general rule, don't belong in Federal court. If there's going to be a juvenile case brought in Federal court, the Federal officials bringing the prosecution first have to figure out that State officials don't want to prosecute it, especially in a case like Arizona. Where does the exclusive Federal jurisdiction prong come in? It comes in as an aspect of subcategory 1? It's exclusive jurisdiction in the juvenile court or other appropriate court if a State doesn't have jurisdiction. Is that where it comes in? Yeah. I think that in the right case, one way that the government could show that no State court has jurisdiction is by showing that there's completely exclusive and not simply concurrent. But that they didn't certify explicitly separately, right? I'm sorry? They didn't certify that separately. You said at the beginning if that issue is even in the case, and I am wondering if it is even in the case, because that isn't how they purport it to be in subcategory 1, right? They never said – they never asserted that there was exclusive jurisdiction. The FBI agent did, but not the hearing on it. The certification did not. And the FBI agent sort of said it in passing, essentially. Yeah. And he had no base – I mean, he didn't give any basis for it. He wasn't asked to give any basis for it. That's all he got, is the FBI agent saying it sort of in passing. Right. And the comparison that I was – that I would make is against the 2010 juvenile mail case, where the delinquent act was predicated on a violation of the Federal immigration law. And, you know, whether – an adult could certainly not be prosecuted in the State court for violating that. But because California has a statute that says juvenile delinquent acts can be predicated on a violation of Federal law, this Court required and approved in that case, required the U.S. attorney in San Diego to call the Imperial County attorney and say, do you want to prosecute this case? And because in juvenile mail, the U.S. attorney in San Diego did that, this was non-jurisdiction. I wasn't asking about that, though. I was asking if it was jurisdiction. I mean, honestly, given the fact that this was never raised before, and it's an issue that depends on a whole lot of paper, if we're going to reach it, I'd prefer that you go on to the Fagan's issue. Okay. Unless my colleagues think otherwise. I would just like to follow up on the question of my colleague at the other end. Are you suggesting that what the government failed to do here is to fail to introduce evidence to support the conclusion, if you will, of the U.S. attorney that there was a duty to affirmatively show on the record they investigated, how they investigated, who they talked to, and how they reached the conclusion? Is that your position? It is my position. I just want to quickly add that that's not an onerous requirement for the government. As to the vagueness claim, I think, you know, when the statutory rate provision of Section 2241c is used to prosecute people who are under the age of 12, there are no, not even minimal standards, there are no standards embedded in the statute that would guide a prosecutor's decision to choose a target of prosecution. And because there's no standards, there's no way for a reviewing court to know that a prosecutor's particular charging decision isn't completely arbitrary. You know, I'm not saying, you know, because I have to make an as-applied challenge, I'm not saying that this statutory rate provision is vague in all cases. I'm just simply saying that, you know, if a prosecutor is faced with two individuals who have both engaged in a sexual act and is trying to decide to prosecute one of them, you know, you can't prosecute them. Because the statute doesn't differentiate within that category either their relative age or their relative culpability, because there's no intent, there's no mens rea required, and it's just did you do X. So if two kids, if two kids, and it doesn't have any force requirement. So if two kids consent to address and touch each other and they're 6 years old, you could either prosecute them or not prosecute them. And the prosecutor could prosecute one and not the other, and without any other guidance in the statute, that's inherently arbitrary. Statute refers to any person. Yes, Your Honor. So how is that going to be confusing to a prosecutor if it's a person that he believes has committed these acts? So it's obviously not confusing when there's a person over the age of 12 and a person under the age of 12. It's only confusing when everybody is under the age of 12, because the statute is intended to say, it reflects a legislative judgment that people under the age of 12 should be protected from prosecution, not the target of prosecution. They should be protected from other predators who are presumably over the age of 12 and should. You're saying the statute says that? The legislative history expressly says it, and I think it's at least the legislative history, which I did look at, also demonstrates that there was some suggestion of putting either an age, an age gap time period in, and the age gap time period was not included in the statute, and they didn't do it. In other words, they could have said, as they did with regard to the children over 12, that there has to be a 4-year age gap, and they didn't do that. And they considered doing it. They considered it and rejected it. Right. And, you know, that should easily say to a prosecutor, you shouldn't be prosecuting anybody under the age of 12, not making arbitrary decisions about who to prosecute based on the age of 12. Now is my time. May it please the Court. My name is Bruce Fergus, Assistant United States Attorney, on behalf of the government here. Beginning with a jurisdictional issue, the government properly, through the United States Attorney, certified that there were these grounds for the district court to assume juvenile jurisdiction, namely that no State court had jurisdiction. And that was an absolutely true statement, because the case law from this Court says that where no State action was initiated by the State prosecutor, obviously the State court did not have to. Well, it doesn't actually say that. It says where it was ascertained that they were given the chance, and they didn't. That's a little different, that you were supposed to first ask them. Respectfully, I would disagree. I think to the point that they never find out about it, then they don't have jurisdiction. Well, what Cervantes-Gonzalez says is if you have a facially correct certification, then you don't even go behind it. That's a different question. Pardon me? That's a different issue. You were – I thought you were making a substantive statement. About what was adequate. I'm not understanding what you're saying. I'm afraid to say that. You seem to me – you did argue in the brief that you just don't go behind it at all. That's correct. And I thought that was superseded by the 2010 juvenile mail case, which did go behind it to some degree. But the – what I thought you were just arguing was what is the substance? Is it enough if you certify, in the words of the statute, to encompass the going – the fact that the State was offered the opportunity but didn't accept it? No, I – what I'm trying to indicate is that when there is a facially adequate certification, as there was here, there are only a limited number of situations such as who was in the chain of command allowed to do the certification. Because you mean – your position is that if the – if the State – the head of the State court had come in and said – nobody at the behest of the defendant and said, you know, we would have asserted jurisdiction if anybody had asked us. They just never asked us. That the district court couldn't say that this was a lie, that the certification was incorrect, inadequate, and therefore there was jurisdiction. There was no jurisdiction. What I'm saying is that because this was a facially adequate certification, there was jurisdiction. But that's what you're saying. You're saying even if the district court knew that it wasn't so, he still had to accept the certification. If there were, in fact, evidence to that effect, then that would, in fact, raise a question about the jurisdiction. But the problem is – You just said no. You said as long as it's facially adequate. I don't understand what you're saying. What I'm trying to convey is that this was facially adequate, the defendant accepted it, he did not raise any evidence, and has not raised any evidence yet. You're saying – I thought you were saying it doesn't matter whether he raises any evidence. It's facially adequate, it's facially adequate. That's what I understood your brief to say as well, and that's where you started from. No? Which are you saying? Are you saying that it could have been raised in the district court, but it's been essentially waived? Is that what you're saying? What I'm saying is that this Court has only recognized a relatively small number of technical kinds of errors which allow the Court, this appellate court, to go behind a facially adequate certification. You're saying the appellate court. You're saying the district court could have done it? The appellate court. So you're saying that the district court could have got behind it? If it had been raised, yes. Part of the problem in this case is the issue that we're talking about now was never debated, discussed in the trial court below. Certification was offered without objection. The testimony of the FBI agent offered without cross on that point or objection. And this kind of discussion that my colleague was just asking was not really engaged in, unfortunately, until now. Because there was no need to. Because nobody thought it was an issue at the time. There was no issue to make at the time. The cases I've indicated from across, there are half a dozen other circuits, I think, which have agreed with Cervantes-Gonzalez that if you start off with what appears to be a facially adequate certification, you don't have to go any further. Now ---- Well, but in the ---- suppose there was an objection in the district court. Yes. And they made an offer of proof to the court that they were going to bring in somebody from the State who said, yeah, we'll prosecute this kind of a case. In a situation like that, if there is an actual, some meaningful evidence of that, I would agree that that would have been appropriate. In fact, if there were actually evidence of a noninvestigation here which has not been shown, he's simply speculating from silence, that a remand, even for a hearing, would be appropriate. There's a case called Ceja Prado where, on appeal for the first time, a guy said, oh, wait a minute, I'm not really a juvenile, or I'm not really an adult, I'm a juvenile. You got the wrong Ceja Prado. And he actually had some records substantiating that. And this court said, well, that raises a significant question about the jurisdiction. And so that deserves to be looked into. That's what has not happened here. He's simply speculating from silence. But there was a general objection made to jurisdiction, as I recall, but not a specific one by the defendant. Well, I think it has to be specific to be meaningful. I mean, how is the court going to understand what it's supposed to investigate? And likewise, we have, again, these alternate grounds, exclusive jurisdiction on Fort Huachuca. We have an agent testifying that that is exactly the reason why they got in there. He said, you know, where are these things? I mean, that can't possibly be sufficient. He doesn't know anything about the history of this rather complicated matter. And he's – and in essence, he's testifying to the law. He can't do that. His job is to determine whether his agency can investigate these offenses. That's his whole reason. Well, he can investigate it. That's a different question. I mean, can he investigate it? Sure. But that doesn't tell you who can go into court. Well, in my 28J letter, I offered a Fourth Circuit case which pointed out the parole evidence about jurisdiction is satisfactory when there is no controverting evidence. And that's effectively what Cervantes-Gonzalez also says and FSJ says. This certification process – And the place where that exclusive jurisdiction comes in, just to repeat what I asked before, is in – as an aspect of subsection 1, it's proof that the State doesn't have jurisdiction. Is that it? There was never any objection to or suggestion as there now is that some kind of affidavit or anything beyond the facially correct certification was necessary. No, but I'm asking you, just listen to the questions, okay? I'm trying. I'm sorry. Is the point of the question of whether there is exclusive Federal jurisdiction, exclusive over Fort – what's the name of the – whatever it's called. What's the name of the fort? Huachuca. Huachuca. It comes into the inquiry under subsection 1 of the jurisdictional provision. Is that correct? I'm just trying to ascertain that. Yes. Okay. And your position would be that if that's correct, then it doesn't matter whether it was offered to the State or wasn't offered to the State because the State couldn't have done it. Let me – but before I misstate something, let me review the exact language here. I think that the – they both are required, yes, that there be that kind of jurisdiction over this Fort, right? Right. And the reason why you're trying to establish that it's exclusive is because if it's exclusive, the State has no jurisdiction. It's one of the reasons why, but it – equally, the reason why you're trying to establish  that there was no jurisdiction over this Fort was that because the State – again, because no – that there's no evidence that any State prosecutor initiated any State proceeding, then it was correct to say that the State Court did not have jurisdiction, because that's exactly what that juvenile mail case says, is that that was a correct way to state it when, in that particular case, the – there was, in fact, an affidavit from the State prosecutor saying, I didn't do it. But the statute doesn't require that. All right. Do you want to go on to the vagueness question? Oh, well, the crime of violence question. Do you want to address that? Yes, ma'am. Yes, Your Honor. Valencia v. Gonzales, I would suggest, is not really applicable here because you may have noticed that he – the defense counsel specifically talked about statutory rape. This is not a statutory rape case, which is what Valencia Gonzales talked about. This is – It's less than a statutory rape case. It's less than a statutory rape case. I – you need less than statutory rape. No. It's an aggravated sexual assault because it's a child under 12. Right. Okay. And statutory rape, at least in terms of Valencia Gonzales – But it's a child under 12 abused by a child under 12. The statute doesn't distinguish on the age of the perpetrator. What we're talking about is we're talking about – Well, I understand that. But the question of whether it's a crime of violence in any sensible fashion has to be taken to account the possibility that that's going to be applied to children under 10 because – 12, because it was applied to children under 12. Well, the case law that I offered in the brief, including Medina Villa, says that when we're talking about a child under 12, we're not talking about statutory rape. We're not talking about those kinds of different – But the assumption in all those cases that you're talking about somebody older than that as the perpetrator, and here we're not. Well, what we're talking about is a 10-year-old, if we want to get into the facts, who threatened violence, who said he killed people, who was talking about – But that wasn't the – that's not what the statute goes to. The statute didn't require that he threatened violence or whatever. And it could have been a 6-year-old, as far as you're interpreting the statute. And it could have been, as you're interpreting the statute, it could have been his victims who were being prosecuted. You could have just as well prosecuted them. But that is not a vagueness issue, which is where – I'm not asking it as a vagueness issue. I'm asking it as a crime of violence issue. As far as the statute is concerned, you could have brought charges against every one of these kids, the ones – the guy who – the J.D.T. and also his victims and prosecuted all of them. I understand you say you wouldn't have, but you could have. The way the statute is written, yes. Right. So, therefore, that's what we have to look into in determining whether or not this is a crime of violence. Well, the case law which I've cited, the Interpreting 16b, basically says that when you're talking about a child victim, and there were five, actually more, under 12, that it is per se a crime of violence. And it doesn't differentiate at that level on – Have you ever seen a case like this in Federal court? No, and neither had the prosecutor, and that's why she was reluctant to deal with it. But when you have the kind of repetitive behavior here, very carefully preplanned, and then – But that's not the question. The question is, if you're reading the statute as applying to that, and you're reading it for all it's worth, you're reading whoever to mean anybody, and you're saying it's not fake, it covers everybody, i.e., the victims too, then you have to keep hold of that when you're deciding whether it's a crime of violence. You can't switch gears. It either does apply to everybody or it doesn't apply to everybody. Well, the case law, as I read it, makes this kind of sexual abuse of some of the – But there is no case law taking this into account. Is there any case law taking into account the question of whether violence by children on children is a crime of violence? I can't say for sure. I know that there are cases, and I gave you an annotation where it talked about the fact that there are considerable numbers of these under-12 assaults. I understand that, but they don't deal with the question of whether it's a crime of violence with the meaning of Section 16b. Well, the definition of crime of violence is talking about risk. And the case is – Risk of what? Of violence, of physical force being used. Right. And it includes not only if it's the other little boy, but some other person who's attempting to intervene. It's any kind of a significant risk, and it says that that is per se what happens when you're having assaults on little children. That's the kind of situation where violence is likely to occur, either because the victim – First of all, is there a case under 16b as opposed to under the Guidelines saying – the Guidelines is worded differently, saying this. Actually, I gave you an Eighth Circuit case called Seawalker. But we don't have any. No, Your Honor. I don't – I think that implicitly, again, the cases like Medina Villa, they find it a per se crime of violence. Under the Guidelines. No, it's both. The language varies a little bit, but because we're talking about risk. Well, no, but it varies quite significantly. It varies between risk of injury and risk of physical force. Well, what I'm saying is that – And some of the reasons given for why there was a risk of injury included she could get pregnant. It could be – there could be a venereal disease. There could be an injury, but not force. Those are potential kinds of injury, yes. Right. And that wouldn't count for 16b. No. All right. But the – Anyway, do you want to discuss what else? I'm sorry? Are you done on this issue or – I'm only trying to hurry you along because there are lots of issues and we – and not that much time. We've kind of gone over into it a little bit already, but as far as the vagueness of the statute, I think that this Court's case, Kim, effectively answers it. The defendant is saying, as applied, that somehow this was vague. But what this Court and the Supreme Court made it very clear, that when you fall within the core of a statute, when there's no real question that your activity does that, you don't have an as-applied challenge that you can legitimately make. And in this statute, it says, whoever, it did not in this particular case draw any kind of age differential, even though Congress did make that kind of differential in the related 2243. So it's clear that Congress, and that was actually language in the report that I quoted in the brief, saying basically at this age we're making it a liability across the board, regardless of the age of the perpetrator. And the – But that does lead to complete prosecutorial discretion, right? Well, no, not complete, because the Supreme Court cases say that what we're – that there's a large ambit of prosecutorial discretion, and they're saying that that is appropriate. The only situation where you're getting to problems is where the actual conduct which is forbidden is unclear. And that's not a problem here.  There are two strains of vagueness, are there not? I mean, one is the notice-fake strain, but the other strain is the prosecutorial – excessive prosecutorial discretion, which means very excessive, for sure. And the question is, is there an example that you know of, of another statute in which the victims and the perpetrator are interchangeable as far as the statute is concerned? Well, totally, 100 percent interchangeable. Respectfully, I don't think they are interchangeable. Why not? Because we're talking here about what is appropriate prosecutorial discretion, and this is where the statute is. I'm asking about the statute, whether the statute gives anybody a clue as to, within the class of children under 12, who's the victim and who can be prosecuted if they touch each other in certain ways. I don't believe that to be sufficiently clear that's required. And as a matter of fact, in Kim, this Court wrote that you don't have to lay out a specific safe harbor and say, you can go right up to this point. In that case, it was the number of pills prescribed. But I'm asking, is there any similar case or statute that you know about in which there is no way, other than the prosecutor's discretion, to distinguish the victims from the perpetrators? Again, I'm suggesting that's not necessary, but if you look historically, for example, if we have an aggravated assault where it becomes an aggravated assault because the victim is over 70, does that then immunize some other senior from being prosecuted because he is also over 70? Or in the old mutual combat cases under the common law, both parties could be convicted of an assault. It didn't make any difference if they agreed to do it. The problem was that they were violating the basic mores of the society in doing this. And so it is not vague to say, okay, if you do this kind of activity, which is very clearly described, we don't care what age you are, then you are at least liable to prosecution, and then leave it to the prosecutor to look at things like in this case, was there violence used, was there threats used, was it repetitive? That's how you determine who the perpetrator was, and that's why that Ohio case is so bizarre, to say, oh, we don't even care if there was violence used. We don't look at those kind of things. You are just automatically, simultaneously victim and perpetrator. That's simply not meaningful. I see I'm almost out of time. There are other issues here, and I would be glad to address them if the Court has any questions. Thank you very much. In the three-and-a-half minutes I have remaining, I want to make four short points with respect to the things that my colleague argued, first, about the fact that the certification was never challenged in the district court because it's not a matter of impartiality. First, nobody questioned whether or not the requisite investigation had been performed. The Gonzalez-Cervantes case says that those kinds of errors can be reviewed for plain error, but here the government waived plain error by failing to argue it in its brief. So I think this Court's review should be de novo in that situation. Second, on the crime of violence issue, the government pointed to an Eighth Circuit case called C. Walker. The reasoning in that case is the same as the reasoning in a Tenth Circuit case called Barron-Medina that the court in Valencia v. Gonzalez rejected, and the reasoning was rejected because C. Walker and the Barron-Medina case both assume an adult participant having sex with a child under the age of consent. Third, about the vagueness issue. But the crime of violence issue, even if we agree with you, doesn't preclude the need to also determine whether there was any jurisdictional provision as otherwise met. That's correct, Your Honor. If you agree with me on the crime of violence issue, the Court needs to reach a conclusion. In other words, it only helps you negatively. That's correct. Okay. This Ohio Supreme Court case, you'd ask my colleague whether there was any case he didn't agree with, but the Ohio Supreme Court case is directly on point, and, in fact, it even went so far to say because there are other statutes available that require use of force as an element, but the government and the prosecution didn't charge those, you know, we put those cases to one side. But what about – I did find his other example somewhat interesting, like mutual combat cases, domestic assault cases. I mean, there are circumstances in which the – both parties may have done something prosecutable, but the prosecutor has discretion which to charge. I guess I would draw a distinction between the way in which the discretion is exercised, as you alluded to earlier, Your Honor. There are statutes, situations where there's complete discretion, and then there are legal provisions even including mutual combat. And the children have to do whatever is described for them to do here. Right. But I guess the distinction I want to say is, in the mutual combat situation, there is a recognized legal doctrine that would allow for prosecution in that situation. And within that recognized legal rule, the prosecutor would have wide discretion. Here, there's no room for an exception when both people fall under the statute. It just says whoever knowingly engages in a sexual act with a person under the age of 12. And that's the – I'm not understanding your distinction. I mean, you know, these two people are both hitting each other, and either could be prosecuted for assault, as I understand it. The prosecutor decides which one to prosecute, no? Because – and I'll confess I'm not as familiar with the mutual combat exception as my colleague, but, you know, I'm guessing that that exception allows for the prosecutor to say, you know, who started the fight, or – Well, that's sort of what happened here. Either one could be prosecuted, but he said you're the one who was really culpable. But the distinction, I guess, and it's a fine one, is mutual combat is a preexisting legal rule that exists in the common law that a judge would have to fight. I mean, you're essentially saying, you know, anybody knows you don't hit each other. But it's a hard problem. I agree, Your Honor, and if there are no further questions. Okay. Thank you very much. The case of United States v. JDT Juvenile Mail is submitted, and we are in recess. Thank you very much.
judges: Zouhary, Alarcon, Berzon